IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NORTHWEST SAVINGS BANK and ) <br> NORTHWEST BANCORP., INC., ) <br> ) <br> Defendants ) <br> _____ ) | CIVIL ACTION NO.: <br><br> **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex and to provide appropriate relief to Elizabeth Strause ("Ms. Strause"), a female, who was adversely affected by such practices. As articulated with greater particularity in paragraphs 7 and 8 below, the Commission alleges that during her employment, Ms. Strause was subjected to sexual harassment through constant sexually offensive comments, innuendo and inappropriate touching, all of which created a sexually hostile and offensive work environment for her as a female. The Commission alleges that although Ms. Strause objected to and complained to Defendant about such conduct, no effective remedial action was undertaken by Defendant to prevent and/or stop the sexual harassment. Moreover, the Commission also alleges that because Ms. Strause complained of the sexual harassment, she was retaliated against by being moved to another location and continued to endure a hostile environment. As a result of the sexual harassment and hostile work environment, Ms. Strause was forced to resign from her position and suffered severe emotional distress damages and

economic losses.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §19981 A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States for the Middle District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. At all relevant times, Defendants Northwest Savings Bank and Northwest Bancorp., Inc. ("Northwest"), has been and is now doing business in the Commonwealth of Pennsylvania and the City of Myerstown and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Elizabeth Strause filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 12, 2005, Defendant Employer has engaged in unlawful employment practices at its Myerstown, Pennsylvania and its Schaefferstown, Pennsylvania facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Ms. Strause to a sexually hostile and offensive work environment based upon incidents which include, but are not limited to, the following:

(a) Ms. Strause began working for Defendant as a floating teller on or about September 12, 2005 with a "home base" at Defendant's Myerstown, PA location.

(b) Ms. Strause was regularly subjected to a campaign of sexually harassing conduct and/or a hostile work environment created by Defendant's General Manager, Jonathan "J.J." Valerio ("Mr. Valerio"), which consisted of sexually offensive comments, innuendo and inappropriate touching.

(c) Much of Mr. Valerio's sexually harassing conduct included making derogatory comments and offensive jokes about females, restrictive violations of female employees' personal space which created an uncomfortable atmosphere, giving female employees unwelcome back rubs and hugs, routinely placing his hand on female employees' backs, unsolicited tickles and stomach poking and intentionally grabbing Ms. Strause's buttocks.

(d) As a result of Mr. Valerio's repeated sexually harassing behavior, Ms. Strause personally confronted Mr. Valerio about his inappropriate and unwelcome actions, however, Mr. Valerio continued to engage in sexually harassing conduct. In addition, Ms. Strause complained to Defendant's management to report Mr. Valerio's inappropriate conduct. However, no effective remedial action was taken and Mr. Valerio's behavior continued.

(e) Following Ms. Strause's complaints about Mr. Valerio, Mr. Valerio held several meetings wherein he would cry, openly discuss Ms. Strause's complaints against him and threatened suicide. Despite complaints from employees that these meeting created a hostile work environment,

no effective remedial action was taken.

8. Since at least March 31, 2006, Defendant Employer has engaged in unlawful employment practices at its Myerstown, Pennsylvania and Schaefferstown, Pennsylvania locations in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by retaliating against Ms. Strause as follows:

(a) Following her complaints of harassment, Ms. Strause's home base was transferred from Myerstown, Pennsylvania to Defendant's Schaefferstown, Pennsylvania location which required a greater percentage of travel time to locations further from the home base and her personal residence.

(b) While at the Schaefferstown location, Ms. Strause was subjected to additional retaliation by the District Manager, Rich Carter, who created a hostile work environment by, *inter alia*, discussing the intimate details and reason for Ms. Strause's transfer with other employees, trivializing the seriousness of Mr. Valerio's actions by commenting, "[i]t was only her butt; it could have been worse like her boob or something," and intentionally making comments which were geared towards making Ms. Strause upset.

(c) As a result of the sexual harassment, hostile work environment and retaliation, Ms. Strause was constructively discharged from her employment with Defendant in and around July of 2006.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Ms. Strause, a female employees, of an harassment free work environment, equal employment opportunities and otherwise adversely affects her status as an employee because of her sex.

10. The acts complained of in paragraphs 7 and 8 above were intentional and malicious.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with reckless indifference to the federally protected rights of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Elizabeth Strause by providing her

compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

    G.    Order Defendant Employer to make whole Elizabeth Strause by providing her compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

    H.    Order Defendant Employer to pay Elizabeth Strause punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

    I.    Grant such further relief as the Court deems necessary and proper in the public interest.

    J.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>RONALD S. COOPER
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>U.S. EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>1801 L. Street, NW
>Washington, DC 20507
>
>*/s/ Jacqueline H. McNair (JHM)*
>JACQUELINE H. MCNAIR
>Regional Attorney
>
>*/s/ Terrence R. Cook*
>TERRENCE R. COOK
>Supervisory Trial Attorney
>
>*/s/ Stephanie Marino*
>STEPHANIE MARINO
>Trial Attorney
>
>*EQUAL EMPLOYMENT OPPORTUNITY*
>*COMMISSION*
>Philadelphia District Office
>801 Market Street
>Penthouse, Suite 1300
>Philadelphia, PA 19106
>Telephone:   (215) 440-2841
>Facsimile:   (215) 440-2848
>stephanie.marino@eeoc.gov